UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RECO ARMSTEAD, CLIFFORD BRIGGS, ELLIOT BROOME, ANDREW SMITH, on behalf of themselves and all those persons similarly situated who consent to representation, | : : : : : : : | CIVIL ACTION FILE NO.<br><br>FLSA COLLECTIVE ACTION |
| Plaintiffs, | : : | |
| vs. | : : | JURY TRIAL DEMANDED |
| LAZER SPOT, INC., | : | |
| Defendant. | | |

## COMPLAINT

Plaintiffs file this action against Lazer Spot, Inc. ("Lazer Spot"), on behalf of themselves and all other current and former employees who are similarly situated who consent to join as Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime compensation, liquidated damages, and reasonable costs of litigation, including attorneys' fees.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and §1337 and 29 U.S.C. § 216(b).

2.

Venue is appropriate in this judicial district under 28 U.S.C. §1391.

**PARTIES**

3.

Plaintiff Reco Armstead resides in Conyers, Georgia, and during the relevant period was employed by Lazer Spot as a "spotter" within the Northern District of Georgia.

4.

Plaintiff Clifford Briggs resides in Stone Mountain, Georgia, and during the relevant period was employed by Lazer Spot as a "spotter" within the Northern District of Georgia.

5.

Plaintiff Elliott Broome resides in Atlanta, Georgia, and during the relevant period was employed by Lazer Spot as a "spotter" within the Northern District of Georgia.

6.

Plaintiff Andrew Smith Elliott Broome resides in Covington, Georgia, and during the relevant period was employed by Lazer Spot as a "spotter" within the Northern District of Georgia.

7.

Lazer Spot is a Georgia corporation, which, according to its website
(www.lazerspot.com), is engaged in the business of "third-party yard management
services."  Essentially, Lazer Spot is in the business of managing the storage and
movement of product inventory at various distribution and manufacturing
facilities. Lazer Spot employees over 1300 employees at 180 "yard management"
locations in 27 states, including locations within this judicial district, all of which
are an interrelated and integrated enterprise with centralized control.

8.

Lazer Spot's centralized control over its operating locations extends to all
material aspects of the employer-employee relationship, including decisions
regarding compensation, job classification, duties, responsibilities, qualifications,
training and recruiting.

9.

Lazer Spot is subject to the jurisdiction of this Court, and may be served
with process through its registered agent, Corporation Service Company, 40
Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## CAUSES OF ACTION

### COUNT I - FLSA CLAIMS FOR UNPAID OVERTIME

### (by all Plaintiffs)

10.

Plaintiffs bring this suit as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).  Each Plaintiff consents to the filing of this action as shown in the consent forms attached hereto and collectively marked Exhibit 1.  Plaintiffs anticipate that other current and former employees who Lazer Spot employed as a spotter from December 13, 2008 to present (the "relevant period") will elect to "opt-in" to this litigation pursuant to 29 U.S.C. § 216(b).

11.

Lazer Spot is an employer within the meaning of FLSA § 203(d), and is not an exempt employer under the FLSA.

12.

Lazer Spot and its employees who have held the position of spotter were and are engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

13.

During the relevant period, each of Plaintiffs was empoyed by Lazer Spot as a "spotter."

14.

During the relevant period, Lazer Spot employed hundreds of spotters who performed substantially similar job duties as Plaintiffs.

15.

Plaintiffs and similarly situated other spotters were and are compensated for their services on an hourly wage basis.

16.

Lazer Spot required Plaintiffs and similarly situated other spotters to clock in and out of work.

17.

Plaintiffs' job duties as spotters involved moving trailers from one warehouse door to another at one of Lazer Spot's yards, and did not involve over-the-road driver duties.

18.

Knowing that Plaintiffs are not over-the-road drivers, Lazer Spot nonetheless intentionally and falsely categorized them and similarly-situated other

spotters as over-the-road drivers who were exempt from the overtime provisions of the FLSA.

19.

There are numerous current or former employees of Lazer Spot, including Plaintiffs, who, during the relevant period, have held the position of spotter and whom Lazer Spot improperly classified as exempt from overtime while employed in that position.

20.

Plaintiffs and similarly-situated other spotters routinely worked hours over 40 per work week, for which overtime hours Lazer Spot did not compensate them on the basis of at least one and one half times their regular rate of pay.

21.

Upon information and belief, Lazer Spot did not compensate similarly situated other spotters for hours worked in excess of 40 hours per workweek on the basis of one and one-half times their regular rate of pay.

22.

At all times relevant, as to Plaintiffs and other similarly situated Lazer Spot employees who were spotters, Lazer Spot failed to meet the requirements for any of the exemptions from the overtime compensation requirements of the Fair Labor

Standards Act under 29 U.S.C. § 207.

23.

Lazer Spot's compensation plan failed (and continues to fail) to compensate Plaintiffs and other spotters for time worked in excess of 40 hours per week, and therefore violates § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation was and is intentional, willful and/or reckless.

24.

Lazer Spot is liable to Plaintiffs and all other similarly situated Lazer Spot employees who choose to consent to representation in this case for compensation for any and all hours worked in excess of 40 hours per week at the rate of at least one and one-half times theire regular hourly rate.

25.

Lazer Spot's failure to pay overtime was and is intentional and willful, so that the three-year statute of limitations applies to this action.

26.

Plaintiffs and all similarly situated Lazer Spot employees who choose to consent to representation in this case are entitled to liquidated damages equaling an additional 100% of the overtime payment due them as a result of the above alleged violations of the FLSA.

27.

Plaintiffs and all similarly situated Lazer Spot employees who choose to consent to representation in this case are entitled to prejudgment interest on their unpaid overtime through the date of trial as a result of the above alleged violations of the FLSA.

28.

Plaintiffs and all similarly situated Lazer Spot employees who choose to consent to representation in this case are entitled to an award of costs, including reasonable attorneys' fees, as a result of the above alleged violations of the FLSA.

29.

Plaintiffs and all similarly situated Lazer Spot employees who choose to consent to representation in this case are entitled in the Court's discretion to injunctive and other equitable relief available under the FLSA, or other applicable law, to remedy and enjoin Lazer Spot's violations of the FLSA.

## COUNT II - VIOLATION OF ADAAA

### (Plaintiff Armstead)

30.

Plaintiff Recco Armstead filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), asserting claims under The Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et seq*.  A true and accurate copy of the Charge is attached as <u>Exhibit 2</u>. The EEOC has not yet issued a dismissal and notice of rights, or "right-to-sue" letter.  Plaintiff Armstead will seek leave to amend this complaint to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* upon his receipt of the EEOC dismissal and notice of rights, or "right-to-sue letter," but files this action prior thereto in order to timely file, and otherwise properly preserve, all claims pled herein.

**WHEREFORE**, the Plaintiffs pray that this Court:

(i)  Take jurisdiction of this matter;

(ii)  Exercise its discretion to publish appropriate notice of Plaintiffs' claims to similarly situated individuals who have been employed by Lazer Spot during the relevant period;

(iii)  Award to Plaintiffs and each current or former Lazer Spot employee who

hereafter consents to join this case compensation for each overtime hour he or she worked, calculated at one and one-half times the normal hourly rate, liquidated damages equaling an additional 100% of overtime due, prejudgment interest on their unpaid overtime from the date of Lazer Spot's failure to pay overtime to the time of trial, and all costs of litigation and reasonable attorney's fees;

(iv)  A trial by jury on all issues so triable; and

(v)  Such other and further relief this Court deems just, equitable and proper.

Dated: December 13, 2011

BROWNSTEIN NGUYEN & LITTLE LLP

Jay D. Brownstein
Georgia Bar No. 002590
2010 Montreal Road
Tucker, Georgia 30084
(770/458-9060)

*Kevin S. Little*
Kevin S. Little
Georgia Bar No. 454225
400 Colony Square, Suite 200
1201 Peachtree Street NE
Atlanta, Georgia 30361
(404/921-4040)

*Counsel for Plaintiffs*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____
                                             )
RECO ARMSTEAD, et al.                        )
                                             )
       Plaintiffs,                   )          **CIVIL ACTION**
                                             )          _____
- v-                                         )
                                             )
LAZER SPOT, INC.,                            )
                                             )          JURY TRIAL DEMANDED
                                             )
       Defendant.                    )
_____      )

## CONSENT TO FILING OF CLAIMS FOR OVERTIME
## UNDER THE FAIR LABOR STANDARDS ACT

     I, Reco Armstead, was an employee of Lazer Spot, Inc.  I held the position of "spotter."  Lazer Spot, Inc. did not pay me overtime and/or minimum wages as required by the Fair Labor Standards Act ("FLSA").  I hereby consent to participate as a party plaintiff and assert my claims in this action against Lazer Spot, Inc. and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all others similarly situated.

_(Signature)_

Name:     Reco Armstead

Address:

Telephone:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____ )
                                     )
RECO ARMSTEAD, et al.                )
                                     )
        Plaintiffs,                  )        **CIVIL ACTION**
                                     )        _____
- v-                                 )
                                     )
LAZER SPOT, INC.,                    )
                                     )        <u>JURY TRIAL DEMANDED</u>
                                     )
        Defendant.                   )
_____ )

## <u>CONSENT TO FILING OF CLAIMS FOR OVERTIME</u><br><u>UNDER THE FAIR LABOR STANDARDS ACT</u>

I, Clifford Briggs, was an employee of Lazer Spot, Inc.  I held the position of "spotter."  Lazer Spot, Inc. did not pay me overtime and/or minimum wages as required by the Fair Labor Standards Act ("FLSA").  I hereby consent to participate as a party plaintiff and assert my claims in this action against Lazer Spot, Inc. and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all others similarly situated.

(Signature)

Name:     Clifford Briggs

Address:

Telephone:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____
                                                          )
RECO ARMSTEAD, et al.                                     )
                                                          )
      Plaintiffs,                                         )        **CIVIL ACTION**
                                                          )        _____
- v-                                                      )
                                                          )
LAZER SPOT, INC.,                                         )
                                                          )        JURY TRIAL DEMANDED
                                                          )
      Defendant.                                          )
_____  )

## CONSENT TO FILING OF CLAIMS FOR OVERTIME
## UNDER THE FAIR LABOR STANDARDS ACT

I, Elliot Broome, was an employee of Lazer Spot, Inc.  I held the position of

"spotter."  Lazer Spot, Inc. did not pay me overtime and/or minimum wages as

required by the Fair Labor Standards Act ("FLSA").  I hereby consent to

participate as a party plaintiff and assert my claims in this action against Lazer

Spot, Inc. and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on

my own behalf, and on behalf of all others similarly situated.

(Signature)

Name:      Elliot Broome

Address:

Telephone:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____ )
RECO ARMSTEAD, et al.                                )
                                                                   )
            Plaintiffs,                                          )           **CIVIL ACTION**
                                                                   )           _____
- v-                                                              )
                                                                   )
LAZER SPOT, INC.,                                       )
                                                                   )           JURY TRIAL DEMANDED
                                                                   )
            Defendant.                                        )
_____ )

## **CONSENT TO FILING OF CLAIMS FOR OVERTIME**
## **UNDER THE FAIR LABOR STANDARDS ACT**

I, Andrew Smith, was an employee of Lazer Spot, Inc.  I held the position of "spotter."  Lazer Spot, Inc. did not pay me overtime and/or minimum wages as required by the Fair Labor Standards Act ("FLSA").  I hereby consent to participate as a party plaintiff and assert my claims in this action against Lazer Spot, Inc. and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all others similarly situated.

(Signature)

Name:

Address:

Telephone

# EXHIBIT 2

# BROWNSTEIN NGUYEN & LITTLE LLP

ATTORNEYS AT LAW

*www.bnllawfirm.com*

400 Colony Square, Suite 200
1201 Peachtree Street N.E.
Atlanta, Georgia 30361

KEVIN S. LITTLE, P.C.
ksl@bnllawfirm.com

Telephone:  (404) 685-1662
Facsimile:  (404) 685-1663

Augusta office:
16 Ninth Street at Riverwalk
Augusta, Georgia 30903

December 12, 2011

**VIA Facsimile (404.562.6910) and
Priority Mail**

Attn: Barry Brown, Supervisor of Intake
U.S. Equal Employment Opportunity Commission, Intake Unit
Atlanta Division
100 Alabama Street, S.W.
Suite 4R-30
Atlanta, Georgia 30303

    Re:  <u>Charge of Discrimination of Reco Armstead</u>
        against Lazer Spot, Inc.

Dear Madam or Sir:

   This law firm represents the above-named charging party in reference to a Charge of Discrimination.  Enclosed is the original Charge of Discrimination and a duplicate copy.  Please file the original, and return the duplicate charge stamped "filed," bearing the filing date, in the enclosed envelope with the assigned charge number and investigator.

   Should you need any further information, please do not hesitate to contact me.  Thank you for your assistance.

         Sincerely,

         */s/ Kevin S. Little*

         Kevin S. Little

encl.
cc:
   Reco Armstead

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | ___ FEPA<br>___ EEOC |

and EEOC

(State or local Agency, if any)

| NAME (indicate Mr., Ms., or Mrs.)<br><br>Recco Armstead | HOME TELEPHONE NO. (w/area code)<br><br>(404) 433-0327 | | | |
|---|---|---|---|---|
| STREET ADDRESS<br>392 Hidden Valley Dr. | CITY:<br>Conyers | STATE<br>GA | ZIP CODE<br>30094 | COUNTY:<br>Rockdale |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

| NAME:<br>Lazer Spot, Inc. | NO. OF EMPLOYEES/MEMBERS<br>More than 20 | | TELEPHONE NUMBER:<br>(678) 771-2600 |
|---|---|---|---|
| STREET ADDRESS<br>6525 Shiloh Rd. | CITY:<br>Atlanta | STATE:<br>Georgia | ZIP CODE:<br>30005 |

| NAME: | NO. OF EMPLOYEES/MEMBERS | | TELEPHONE NUMBER |
|---|---|---|---|
| STREET ADDRESS | CITY: | STATE: | ZIP CODE: |

| CAUSE OF DISCRIMINATION BASED ON Check appropriate box(es)<br><br>__ RACE __ COLOR __ SEX __ RELIGION __ AGE<br><br>__ NATIONAL ORIGIN _X_ RETALIATION disability OTHER (SPECIFY) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month/date/year)<br><br>August 21, 2011 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

See attached Exhibit A

| __ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY –<br>(when necessary to meet State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>_Recco Armstead_<br>Charging Party (signature)<br>Date: 12-5-11 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month and year)<br><br>Dec. 5, 2011 |

KEVIN AGUIRRE
NOTARY PUBLIC
ROCKDALE COUNTY, GA
Exp. Apr 05, 2015

4-05-2015
Kevin Aguirre

# Exhibit A

Lazer Spot, Inc. ("Respondent") <u>discriminated</u> and <u>retaliated</u> against Recco Armstead ("Charging Party") in violation of the Americans with Disabilities Act Amendments Act, Publ. L. No. 110-325, 122 Stat. 3553, effective January 1, 2009 (the "ADAAA").  Respondent formerly employed Charging Party. On or about August 21, 2011, Respondent informed Charging Party that it had terminated Charging Party's employment.  Respondent took adverse employment action against Charging Party on account of an impairment or condition that constitutes, or was perceived by Respondent as, a "disability" under the ADAAA. At all times relevant, Charging Party was qualified and able to perform his essential job duties with reasonable accommodation. Respondent violated the ADAAA by failing to explore and/or provide reasonable accommodation to Charging Party and by taking prohibited employment action against Charging Party based on what Respondent regarded as an impairment. Further, Charging Party engaged in statutorily protected activity by opposing in good faith what he believed were unlawful employment practices by Respondent, and, in reprisal, Respondent took adverse employment action.